**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BRYAN JAY FUNKE, | DOCKET NUMBER |
| Appellant, | AT-0752-24-0028-X-1 |
| v. | |
| DEPARTMENT OF DEFENSE, | DATE: August 4, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bryan Jay Funke, Sumter, South Carolina, pro se.

Debra Simpson and Justin P. Sacks, Esquire, Falls Church, Virginia,
     for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The administrative judge issued a compliance initial decision finding the agency in noncompliance with the decision in the underlying appeal and granting the appellant's petition for enforcement. *Funke v. Department of Defense*, MSPB Docket No. AT-0752-24-0028-C-1, Compliance File (CF), Tab 9, Compliance Initial Decision (CID). For the reasons discussed below, we VACATE the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

compliance initial decision and DISMISS the appellant's petition for enforcement for lack of jurisdiction.

## DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE

The Initial Appeal

As explained in the initial decision in the appellant's underlying removal appeal, on June 29, 2023, the agency proposed to remove the appellant for alleged misconduct. On September 22, 2023, the agency deciding official sustained the misconduct charge and notified the appellant that he would be removed, effective September 26, 2023. However, the appellant retired from Federal employment effective September 27, 2023, and appealed his removal to the Board. *Funke v. Department of Defense*, MSPB Docket No. AT-0752-24-0028-I-1, Initial Appeal File, Tab 33, Initial Decision (ID) at 1-2.

On March 4, 2024, the administrative judge issued an initial decision in the appellant's removal appeal, ordering the agency to cancel the appellant's removal, restore him to duty effective September 27, 2023, and pay him appropriate back pay, with interest and benefits. ID at 15. The initial decision became the final decision of the Board on April 8, 2024, because neither party filed a petition for review. *See* 5 C.F.R. § 1201.113.

The Settlement Agreement and the Petition for Enforcement

The appellant petitioned for enforcement of the initial decision on June 21, 2024, asserting that the agency had taken none of the actions ordered by the initial decision. CF, Tab 1.

The agency responded, in relevant part, that on April 4, 2024, before the initial decision became final, the parties had entered into a settlement agreement providing that the appellant would be reinstated and placed on administrative leave and then would "resign his employment." CF, Tab 6 at 5. However, the agency provided only a partial copy of the settlement agreement that did not include the signature page or effective date. *Id.* at 58-61. In fact, as shown by the complete

version that the agency subsequently submitted in this compliance referral matter, the settlement agreement was not fully executed until the agency official signed on April 9, 2024—a day *after* the removal initial decision became final. *Funke v. Department of Defense*, MSPB Docket No. AT-0752-24-0028-X-1, Compliance Referral File (CRF), Tab 6 at 38-42.

In response to the agency's arguments, the appellant conceded the existence of the settlement agreement (and correctly noted the effective date, which the agency had inaccurately stated), and that the agreement placed him on administrative leave; but (again correctly) noted that the agreement required him to retire rather than resign. CF, Tab 7 at 7. However, notwithstanding the existence of the agreement, the appellant asserted that the agency owed him back pay as a result of the removal initial decision. *Id.* at 8.

On July 31, 2024, the administrative judge issued a compliance initial decision finding the agency noncompliant with the removal initial decision. CID at 1. The administrative judge rejected the agency's reliance on the settlement agreement, explaining that he could not enforce the agreement because the parties never submitted it into the record for enforcement, nor did the copy of the agreement that was submitted reference Board enforcement. CID at 3 n.1. The administrative judge did not address whether he could consider the agreement's effect on the parties' obligations, outside of enforcement of the agreement. The administrative judge stated that he believed the agency was making good faith efforts to resolve its failure to comply with the actions ordered in the removal initial decision but must "take all possible steps to ensure" compliance. CID at 4-5. He again ordered the agency to comply with the removal initial decision. CID at 5-6.

The Instant Compliance Referral Matter

On September 30, 2024, after requesting an extension of time from the Board, CRF, Tab 1, the agency informed the Board that it had taken additional actions to comply with the compliance initial decision. CRF, Tab 6. Because the

agency asserted its intent to comply with the compliance initial decision and neither party filed an administrative petition for review of the same, the appellant's petition for enforcement was referred to the Board for a final decision on issues of compliance pursuant to 5 C.F.R. § 1201.183(c),[2] under the instant compliance referral docket number. *See* CRF, Tab 3.

The parties continue to dispute three issues, all provided by or stemming from the relief provided in the removal initial decision: (1) whether the agency has restored the appellant to his prior position; (2) whether the agency correctly paid him back pay, with interest and benefits; and (3) how to reconcile the appellant's back pay with the annuity payments the appellant received due to his September 27, 2023 retirement. *E.g.*, CRF, Tabs 6, 9. As explained below, however, the April 9, 2024 settlement agreement precludes the Board's consideration of these issues, because the parties specifically contracted outside of the Board process to resolve them.[3] The administrative judge's holding to the contrary was error, and we vacate that holding and the relief granted in the compliance initial decision.[4]

Specifically, the settlement agreement provides that the parties "mutually agree to enter into the [agreement] for the purpose of fully and finally resolving all disputes, whether potential, actual, or otherwise, between them." CRF, Tab 6 at 38. The agreement further provides that the agency "agrees to fully and finally resolve

---

[2] As noted in the compliance initial decision, the Board's regulations provide that, upon a finding of noncompliance, the party found to be in noncompliance must do the following: (i) to the extent that the party decides to take the actions required by the initial decision, the party must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that the party has taken the actions identified in the initial decision, along with evidence establishing that the party has taken those actions; and (ii) to the extent that the party decides not to take all of the actions required by the initial decision, the party must file a petition for review under the provisions of 5 C.F.R. §§ 1201.114-1201.115. 5 C.F.R. § 1201.183(b).

[3] Neither party has contested the existence or validity of the settlement agreement, nor argued that paragraph 4 of the agreement, relating to discoverability and admissibility, bars the Board from considering the agreement here. *See* CRF, Tab 6 at 40.

[4] We do so although the agency did not file a petition for review of the compliance initial decision, as it could have done per 5 C.F.R § 1201.183(b)(1)(ii).

MSPB Appeal No. AT-0752-24-0028-I-1," i.e., the appellant's removal appeal, in which the Board issued the final order that he now seeks to enforce through the instant petition for enforcement and compliance referral matter, "by declining to file an Appeal of that action, which will permit the Initial Decision dated March 4, 2024 to become final." *Id.* Finally, the agreement provides that the parties "understand that the terms of the March 4, 2024 Order in Action [(the removal initial decision)] requires that Appellant be reinstated to his former position . . . . The Parties understand and agree that following Appellant's reinstatement, he shall be placed on Administrative Leave . . . . [and that] reinstatement and placement on administrative leave shall constitute compliance by the Agency with the terms of the [removal initial decision]." *Id.* at 40 (grammar and capitalization as in the original).

Thus, the parties, fully aware of the existence and outcome of the removal initial decision, responded to that decision by contracting for resolution of their dispute, including specific relief different from that provided in the removal initial decision.[5] Further, the appellant and the agency agreed that the settlement agreement would "fully and finally resolve" all disputes between the parties. *Id.* at 38. Under these circumstances, the April 9, 2024 settlement agreement, and not the removal initial decision, governs the parties' obligations. The settlement agreement supersedes and displaces the relief granted in the removal initial decision, and thus we lack jurisdiction to enforce the removal initial decision.[6]

---

[5] In addition to the paid administrative leave apparently substituted for back pay, the agency agreed to pay the appellant a significant lump sum. CRF, Tab 6 at 38.

[6] We have considered whether we should decline to recognize the settlement agreement's displacement of the relief granted in the removal appeal on the basis that the agreement might be the fruit of the reversed removal action. *See Arellanes v. Department of Defense*, No. 2023-1806, 2025 WL 2088374 (Fed. Cir. July 25, 2025) (holding that, in a petition for enforcement, Board should consider whether appellant's apparently voluntary retirement would not have occurred but for the original wrongful action by the agency). We conclude, however, that the circumstances here are distinguishable from the situation posited in *Arellanes*. As explained above, the appellant chose to enter into this agreement after he had prevailed in his removal appeal, and after he had been apprised of the relief to

*See Swidecki v. U.S. Postal Service*, 101 M.S.P.R. 110, ¶ 7 (2006) (stating that the Board can review a settlement agreement reached outside of Board proceedings and consider its effect on a personnel action before the Board); *Lumpkins v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-13-0297-I-2, Final Order, ¶ 6 (Jan. 9, 2015) (giving preclusive effect to a last chance settlement agreement between the appellant and the agency that preceded the adverse action and Board appeal at issue).

Equally, we lack jurisdiction to enforce the settlement agreement. As the administrative judge correctly noted in the compliance initial decision, the agreement lacks any language about a forum for enforcement. More importantly, as the administrative judge also correctly noted, the parties failed to submit the agreement into the record for enforcement, which is a prerequisite for enforcing it before the Board. 5 C.F.R. §§ 1201.41(c)(2), 1201.182(a); *see Delorme v. Department of Interior*, 124 M.S.P.R. 123, ¶ 21 (2017) (explaining the longstanding requirement that settlement agreements be entered into the record for enforcement); *Cimilluca v. Department of Defense*, 77 M.S.P.R. 256, 258-59 (1998) (declining to enforce a settlement agreement not entered into the record). Because they finalized the settlement agreement the day after the removal initial decision became final, the parties missed the deadline to request that the initial decision be vacated for the purpose of accepting the settlement agreement into the record, *see* 5 C.F.R. § 1201.113(a). They could have filed a petition for review requesting that the Board vacate the initial decision and substitute the settlement agreement, *see, e.g.*, *Swidecki*, 101 M.S.P.R. 110, ¶ 7, but they did not do so. It is possible that the appellant could enforce the agreement in another forum, perhaps in a Tucker Act suit before the Court of Federal Claims, *see Cunningham v. United States*, 748 F.3d 1172 (Fed. Cir. 2014), but he cannot do so before the Board.

---

which he was entitled in that appeal. The appellant apparently preferred the arguably greater and more immediate relief offered by the agency, and we may not disturb his choice.

In light of the foregoing, we vacate the compliance initial decision, deny the appellant's motions for sanctions, and dismiss the appellant's petition for enforcement for lack of jurisdiction. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS[7]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in

part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.